IN THE UNITED STATES DISTRICT COURT
FOR THE ESTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| PATENT GROUP, LLC. <br>     Relator, | § <br> § <br> § | |
| v. | § <br> § | Civil Action No. 10-cv-00145 |
| PEACE INDUSTRIES, LTD. <br> d/b/a ACE FASTENER COMPANY, <br> Defendant. | § <br> § <br> § <br> § | |

**DEFENDANT'S FIRST AMENDED MOTION TO DISMISS**
**UNDER FED. RULE OF CIVIL PROCEDURE 12(b)(1)**

Defendant, through its undersigned attorney, move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). In support of its motion, a declaration of Mark Wilson, President of Peace Industries, Ltd., is accompanied with this motion.

# TABLE OF AUTHORITIES

**Cases**

*Clontech Labs., Inc. v. Invitrogen Corp.*,
   406 F.3d 1347 (Fed. Cir. 2005)……………………………………………….......3, 5, 6

*Forest Group Inc. v. Bon Tool Co.*,
   590 F.3d 1295 (Fed. Cir. 2009)……………………………………………...…….3, 6

*Steven London the New Caucus v. Irwin Polishook*,
   189 F.3d 196 (2nd Cir. 1999)……………………………………………...……………3

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (8th Cir. 1992)………………………………………………………....4, 5

*Raila v. United States*,
   355 F.3d 118 (2d Cir. 2004)………………………………………………………………3

*Simon v. Eastern Kentucky Welfare Rights Organization*,
   426 U.S. 26 (1976)………………………………………………………………………..4

*Stauffer v. Brooks Brothers, Inc.*,
   615 F. Supp. 2d 248 (S.D.N.Y. 2009)………………………………………..……...5

**Statutes**

35 U.S.C. § 292 …………………………………………………………………..…3, 4, 5, 6

**Rules**

Fed. R. Civ. P. 12(b)(1) ……………………………………………………...………………3, 4

## **MEMORANDUM OF LAW**

A. <u>STANDARD FOR A MOTION TO DISMISS</u>

When considering a motion to dismiss under Rule 12(b)(1), the court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004). However, "it is the affirmative burden of the party invoking [federal subject matter] jurisdiction to proffer the necessary factual predicate – not just an allegation in a complaint – to support jurisdiction." *London v. Polishhook,* 189 F.3d 196 (2nd Cir. 1999).

B. <u>SECTION 292, ARTICLE 35 OF THE PATENT ACT</u>

Section 292(a) provides a civil penalty for false marking of unpatented goods. It states in relevant part:

> Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public… shall be fined not more than $500 for every such offense. 35 U.S.C. 292(a) (2006)

It further provides that "any person" may sue for damages, and if damages are imposed under the statue, the person suing is to receive one-half and the United States is to receive the other half. 35 U.S.C. 292(b) (2006).

Accordingly, the elements of section 292(a) false marking claim are: (1) marking an unpatented article and (2) intent to deceive the public. *Clontech Labs. v. Invitrogen Corp.,* 406 D.3d 1347, 1352 (Fed. Cir. 2005); *Forest Group Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009).

C. <u>PLAINTIFF'S STANDING</u>

All plaintiffs(including *qui tam* plaintiffs) invoking federal jurisdiction bear burden of establishing irreducible constitutional minimum of standing, which contains three elements: (1) injury in fact - invasion of legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal relationship between the injury and the challenged conduct; (3) a likelihood, as opposed to merely "speculative", that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife,* 504 U.S. 560 (8th Cir. 1992) (quoting *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976)).

**ARGUMENTS**

This Court should dismiss Plaintiff's Complaint because Plaintiff lacks constitutional standing to pursue this action. In its Complaint, Plaintiff has not alleged any cognizable injury in fact to the public or the United States. Further, the Complaint fails to state any supporting evidence of Defendant's intention to deceive the public, required by the Section 292(a). Therefore, the Court's dismissal of this complaint pursuant to Rule 12(b)(1) shall be appropriate.

**1. Plaintiff has not pled an injury in fact.**

In its Complaint, Plaintiff alleges that Defendant falsely marked expired patent numbers and falsely marked "other pat. pend." on its staplers, ACE Model No. 302 and ACE No. 03021. Plaintiff alleges that although Defendant's U.S. PATENT NO. 2,059,020, 2,066,157, 2,101,169, 2,832,959, and 2,424,649 were expired in 1953, 1953, 1955, 1975, and 1964 respectively, Defendant "proudly boasts in advertising brochures and its website that its stapler products are

'patented' and 'unique', suggesting that the products so marked are not available from others and/or similar products are infringement of its patents." Plaintiff further alleges that the marking and advertising constitutes a false marking under 35. U.S.C 292(a), and Defendant "knew or should have known" the patents had expired but continued to deceive the public and to deter competition to the financial benefit of Defendant; therefore, Defendant is subject to penalties set forth in section 292.

Plaintiff's complaint purports to argue Defendant's false markings "has and continues to harm the United States", including Plaintiff, a representative of the public incurring the cost and time associated with enforcement of section 292. However, Plaintiff's complaint makes allegations largely based on "information and belief" and provides no further factual allegations in support of that alleged harm.

An injury in fact must be "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." See *Lujan*, 504 U.S. at 560 (8th Cir. 1992). Here, in its Complaint, Plaintiff fails to allege with any specificity that Defendant's false marking of the patents expired or the words "other pat. pend." resulted in an actual injury to any individual competitor, to the market in general, or to any aspect of the U.S. economy. That some competitor might somehow be injured at some point, or that some component of the United States economy might suffer some harm through defendant's conduct, is purely speculative and plainly insufficient to support standing. *Stauffer v. Brooks Brothers, Inc.*, 615 F. Supp. 2d 248, 255 (S.D.N.Y. 2009).

**2. Plaintiff has not pled sufficient facts to support Defendant's intent to deceive the public.**

The elements of section 292(a) false marking claim are: (1) marking an unpatented article and (2) intent to deceive the public. *Clontech Labs. v. Invitrogen Corp.,* 406 D.3d 1347, 1352

(Fed. Cir. 2005); *Forest Group Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir 2009). In *Clontech*, the court determined that the section 292 statue is not a strict liability offense but requires an intent to deceive public. The status seeks to the public not simply from false marking but instead from false marking that is fraudulent, deceptive, and intentional. *Id.* at 1347, 1352. "Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be mislead into thinking that the statement is true." *Id.* The court further articulated that "the standard is whether [plaintiff] proved by preponderance of the evidence that [defendant] did not have an honest good faith belief in marking its product." *Id.*

Here, Plaintiff alleges that "[d]efendant is a sophisticated company and has many decades of experience applying for, obtaining, maintaining and litigating patents in the United States and throughout the world". Therefore, Defendant "knew or should have known" that these five patents at issue were expired in 1950's, 1975 and 1964 but it continued to use the mark to deceive the public and to deter competition to the financial benefit of Defendant.

Again, Plaintiff's allegation is largely based on "information and belief" and simply fails to allege with sufficient facts supporting that Defendant intended to deceive the public or had sufficient knowledge of its falsity to warrant drawing the inference of fraudulent intent. Plaintiff simply alleges that Defendant is a "sophisticated company" so that it should have known its falsity. In fact, as stated in Mark Wilson's declaration attached hereto in support of this motion, when Defendant purchased assets of then bankrupted Ace Fastener Company in 1991, hundreds of unlisted dies and tooling were included in the assets purchase agreement but these five then expired patents at issue were never included nor indicated in any of the purchasing documents. Defendant is a small size company with less than 30 employees; Defendant and its officers do

not have in-depth knowledge about the patent law, section 292 in particular; and Defendant never consulted with its patent attorney concerning these expired patents at issue until now.  In result, Defendant inadvertently has been manufacturing these staplers using the same dies and tooling since 1991.

Regardless of Defendant's inadvertency, Plaintiff, in its Complaint, fails to allege with sufficient factual evidence supporting that Defendant did not have an honest good faith belief in marking its staplers.  An absent such factual evidence of lack of reasonable belief and/or absent alleged injury in the form of deception to the public, no violation under the section 292 statue has occurred.

## CONCLUSION

For the aforementioned reasons, Defendant respectfully requests that the Court dismiss Plaintiff's claims for false marking and judgment as a matter of law in favor of Defendant, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: June 17, 2010

/s/ Byung H. Whang_____
    Byung H. Whang
Attorney for Defendant
Bar No.: 6288702 (IL)

1111 Plaza Drive, Ste # 755
Schaumburg, IL 60173
(847) 517-3696 (Office)
(847) 517-2925 (Fax)
E-mail:brian@bhwhang.com

## **CERTIFICATE OF SERVICE**

      This is to certify that all counsel of record who are deemed to have consented to electronic service are being served this 17th day of June, 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served via electronic mail, facsimile transmission and/or first class mail on this same date.

                                                                        /s/ Byung H. Whang
                                                                           Byung H. Whang